ELLEN PHELAN, AS ADMINISTRATRIX, ETC., OF GEORGE F. PHELAN, DECEASED, APPELLANT, v. THE NORTH-WESTERN MUTUAL LIFE INSURANCE COMPANY, RESPONDENT.

*Forfeiture of a policy of insurance by the non-payment of the premium — what notice must be given to the policyholder — chap.* 321 *of* 1877.

Chapter 321 of 1877, after declaring that no life insurance company doing business in this State shall have power to declare forfeited or lapsed any policy thereafter issued or renewed by reason of non-payment of any annual premium or interest, or any portion thereof, except as thereinafter provided, directs that whenever any premium or interest due upon a policy shall remain unpaid when due, a written or printed notice shall be addressed and mailed to the person whose life is assured, stating that unless the said premium or interest then due shall be paid within thirty days after the mailing of such notice, the said policy and all payments thereon will become forfeited and void, "provided, however, that a notice stating when the premium will fall due, and that if not paid, the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty, and not more than sixty, days prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for."

*Held,* that when a notice was given in advance of the time when the premium would become due, the company might, in case the premium were not paid on the day it became due, declare the policy forfeited at once.

The notice served in this case by the defendant company stated the place and time at which the premium was payable, and the amount thereof, and added: "The conditions of your policy are that payment must be made on or before the day the premium is due, and members neglecting to pay are carrying their own risk. Agents have no right to waive forfeitures." Under the signature and address were printed the words, "prompt payment is necessary to keep your policy in force."

*Held,* that the notice was sufficient.

That, although it did not state in the words of the act that, unless the premium were paid, "the said policy and all payments thereon will become forfeited and void," it fairly notified the insured that, unless payment were made on the day, the policy would be forfeited.

Appeal from a judgment in favor of the defendant, entered upon an order dismissing the complaint made by the court upon the trial of the action at the Kings County Circuit.

*Raphael J. Moses, Jr.,* for the appellant.

*William Peet* and *David Wilcox,* for the respondent.

Barnard, P. J.:

The proof shows that in March, 1880, the plaintiff's intestate, George F. Phelan, took out a policy of insurance upon his life in the defendant's company. The amount was $3,000. The premiums were payable quarterly. The payments of the premiums had not always been made regularly, but it is a condition of the policy that a waiver of a forfeiture shall not be deemed an acquiescence as to the future by the company. There was a payment due 31st December, 1882, which was not paid. By the condition of the policy, this non-payment gave the right to the defendant to treat the policy as null. By chap. 321, Laws of 1877, forfeitures for non-payment are prevented, unless a company gave a notice according to the direction of the act. The case turns upon the section, and it is as follows:

"No life insurance company, doing business in the State of New York shall have power to declare forfeited or lapsed, any policy hereafter issued or renewed, by reason of non-payment of any annual premium or interest, or any portion thereof, except as hereinafter provided. Whenever any premium or interest due upon any such policy shall remain unpaid when due, a written or printed notice, stating the amount of such premium or interest due on such policy, the place where said premium or interest should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is assured, or the assignee of the policy, if notice of the assignment has been given to the company, at his or her last known post-office address, postage paid by the company, or by an agent of such company or persons appointed by

it to collect such premium. Such notice shall further state that, unless the said premium or interest then due shall be paid to the company, or to a duly appointed agent or other person authorized to collect such premium within thirty days after the mailing of such notice, the said policy and all payments thereon will become forfeited and void. In case the payment demanded by such notice shall be made within the thirty days limited therefor, the same shall be taken to be in full compliance with the requirements of the policy, in respect to the payment of said premium or interest, anything therein contained to the contrary notwithstanding; but no such policy shall in any case be forfeited, or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. Provided, however, that a notice stating when the premium will fall due, and that if not paid the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty and not more than sixty days prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for."

There was served upon the insured by mail, directed to 37 Barclay street, N. Y., a notice, which is as follows:

"OFFICE OF THE NORTH-WESTERN MUTUAL LIFE INSURANCE Co.,
MILWAUKEE, WISCONSIN, *November* 1, 1882.

"GEORGE F. PHELAN, 37 Barclay Street.

"The 4 qr. premium of $17.40 on your policy No. 102,320, falls due at the office of the agent of this company in New York City, N. Y., before noon on the 31st day of December, 1882. The conditions of your policy are that payment must be made on or before the day the premium is due, and members neglecting so to pay are carrying their own risk. Agents have no right to waive forfeitures.

"Please present this notice at the time of payment.

"Yours respectfully,

J. W. SKINNER.
*Secretary.*

"H. M. MUNSELL,
*Gen'l Agent Northwestern Mutual Life Co.*
160 Fulton St. Office Cor. Broadway, N. Y. City.

"Prompt payment is necessary to keep your policy in force."

We think the intent of the statute was to prevent forfeiture on the part of an insurance company, unless a notice of non-payment of a premium be given at least thirty days before such forfeiture; but that a notice in advance of the time when the premium would become due made it possible for the company to declare the policy forfeited by reason of non-payment at the day it became due. In other words, that the provision, at the end of the section, that the notice in advance of the payment becoming due " shall have the same effect " as the notice given subsequent to the default, did not mean to give thirty days additional time after the payment was due. The object of the statute was to give careless persons a notice of the time of payment either in advance, for at least thirty days, or that thirty days should be given them after notice of default.

The notice itself was sufficient. It states the amount of the payment, the number of the policy, when it is due and where it is payable. It did not state, in the words of the act, that upon default of payment " all payments thereon will become forfeited and void." It did state that the conditions required a payment at the day, and that upon default members insured " are carrying their own risks;" that " agents have no right to waive forfeitures," and that " prompt payment is necessary to keep your policy in force." The notice fairly notified the insured that unless payment was properly made at the day, the policy would be forfeited.

The judgment should, therefore, be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment affirmed, with costs.